IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02136-BNB

SYLVIA A. SEGLER,

    Plaintiff,

v.

FELFAM LTD. PARTNERSHIP,
LEVY, MORSE & WHEELER, P.C.,
ROBERT S. HYATT, individually and in his official capacity as
    District Court Judge of Denver District Court,
MORRIS B. HOFFMAN, individually, and in his official capacity as
    District Court Judge of Denver District Court,
RICK WEHMHOEFER, individually, and in his official capacity as
    Executive Director of the Colorado Commission on Judicial Discipline, and
MATTHEW A. SAMUELSON, individually, and in his official capacity as
    Assistant Regulation Counsel of the Office of Attorney Regulation Counsel,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 0 6 2008

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Sylvia A. Segler, filed *pro se* a second amended civil rights complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1332, and 1343. She also asserts supplemental jurisdiction pursuant to 28 U.S.C. § 1367. As relief Ms. Segler asks for declaratory and injunctive relief and for money damages. She has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915.

The Court must construe the complaint liberally because Ms. Segler is representing herself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an

advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. The Court will dismiss the complaint and the action for the reasons stated below.

Ms. Segler alleges that she rented an apartment at the Cherry Creek Apartments in Denver managed by Defendant Felfam Ltd. Partnership (Felfam). In October 2006 she initiated a lawsuit in Denver District Court because of Felfam's "retaliatory eviction of her." Second amended complaint at 6. She alleges that Felfam was represented in the state action by the Defendant law firm of Levy, Morse & Wheeler, P.C. She further alleges that the lawsuit was assigned to the Defendant state judges, Robert S. Hyatt, and his successor in the case, Morris B. Hoffman. Ms. Segler clearly disagrees with the judges' rulings in the state action.

She asserts that on April 30, 2008, a jury verdict was entered, apparently against her. She appears to contend that Felfam was awarded attorney's fees and that she was assessed a $500.00 fine for filing a frivolous motion. She also contends that she was assessed costs in the amount of $2,509.92, plus postjudgment interest. She complains that Defendant Rick Wehmhoefer of the Colorado Commission on Judicial Discipline refused to investigate her complaint against the judges in her case. She also complains that Defendant Matthew A. Samuelson, assistant regulation counsel of the Office of Attorney Regulation Counsel, refused to investigate her complaint against Levy, Morse & Wheeler, P.C.

This Court lacks subject matter jurisdiction over Ms. Segler's claims. Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction

2

may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

Ms. Segler clearly disagrees with the outcome of her state civil action. To the extent that she is asking the Court to review and reverse decisions entered in her state court civil proceedings, the Court lacks subject matter jurisdiction. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then

3

to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The **Rooker-Feldman** doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148.

Furthermore, the **Rooker-Feldman** doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997). Finally, the **Rooker-Feldman** doctrine bars review not only of final judgments entered by state courts, but also of their interlocutory orders. *See Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 199 (4th Cir. 2000).

As noted above, Ms. Segler appears to be asking this Court to review and reverse decisions entered in her state court civil proceedings. Therefore, the Court finds that the action also must be dismissed for lack of subject matter jurisdiction pursuant to the **Rooker-Feldman** doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

In addition, the claims asserted against the Defendant state judges, Robert S. Hyatt and Morris B. Hoffman, are legally frivolous pursuant to 28 U.S.C. § 1915. The judges are immune from liability because Ms. Segler can make no rational argument that these Defendants violated her rights simply because they have ruled against her. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The appropriate inquiry in determining whether a particular judge is immune is whether the challenged action was "judicial" and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Stated differently, judges are liable only when they act in "clear absence of all jurisdiction"; they are absolutely immune even when their action is erroneous, malicious, or in excess of their judicial authority. *Id.* at 356-57. The Defendant judges clearly acted within their jurisdiction in ruling on Ms. Segler's state proceedings. Ms. Segler's complaint is precisely the type of filing that the Supreme Court has recognized as necessitating the doctrine of judicial immunity. *See Butz v. Economou*, 438 U.S. 478, 512 (1978) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)) ("The loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.").

Subsection (e)(2)(B) of 28 U.S.C. § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous or malicious. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490

U.S. 319, 324 (1989). Therefore, Ms. Segler's claims against the Defendant judges also will be dismissed pursuant to § 1915 as legally frivolous.

Finally, the claims asserted pursuant to the Court's supplemental jurisdiction will be dismissed, as well. The Court declines to exercise supplemental jurisdiction in this action because the claims over which the Court has original jurisdiction will be dismissed. *See* 28 U.S.C. § 1367(c)(3). Accordingly, it is

ORDERED that the complaint and the action are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that the claims against the state court judges, Robert S. Hyatt and Morris B. Hoffman, also are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) as legally frivolous. It is

FURTHER ORDERED that the claims asserted pursuant to the Court's supplemental jurisdiction also are dismissed.

DATED at Denver, Colorado, this 5 day of Nov., 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02136-BNB

Sylvia Segler
1295 Race Street #203
Denver, CO 80206

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on **11/6/08**

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk