IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02136-ZLW

SYLVIA A. SEGLER,

    Plaintiff,

v.

FELFAM LTD. PARTNERSHIP,
LEVY, MORSE & WHEELER, P.C.,
ROBERT S. HYATT, individually and in his official capacity as
    District Court Judge of Denver District Court,
MORRIS B. HOFFMAN, individually, and in his official capacity as
    District Court Judge of Denver District Court,
RICK WEHMHOEFER, individually, and in his official capacity as
    Executive Director of the Colorado Commission on Judicial Discipline, and
MATTHEW A. SAMUELSON, individually, and in his official capacity as
    Assistant Regulation Counsel of the Office of Attorney Regulation Counsel,

    Defendants.

## ORDER DENYING MOTION TO RECONSIDER

Plaintiff, Sylvia A. Segler, filed **pro se** on November 10, 2008, a document titled "Forthwith Motion for Relief From Judgment & Order of Dismissal" in which she asks the Court to reconsider and vacate the Order of Dismissal and Judgment filed in this action on November 6, 2008. The Court must construe the document liberally because Ms. Segler is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the document will be construed liberally as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Ms. Segler filed the motion to reconsider within ten days after the judgment was entered in this action on November 6, 2008. Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See id**. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action for lack of subject matter jurisdiction. Upon consideration of the motion to reconsider and the entire file, the Court finds that Ms. Segler fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Ms. Segler does not allege the existence of any new law or evidence and she fails to convince the Court of the need to correct clear error or prevent manifest injustice. For these reasons, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Forthwith Motion for Relief From Judgment & Order of Dismissal" that Plaintiff, Sylvia A. Segler, filed *pro se* on November 10,

2008, which the Court has construed liberally as a motion to reconsider pursuant to

Rule 59(e) of the Federal Rules of Civil Procedure, is denied.

DATED at Denver, Colorado, this 25 day of Nov., 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02136-ZLW

Sylvia Segler
1295 Race Street #203
Denver, CO 80206

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 11/25/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk